IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

U.S. COURTS

SEP 21 2010

Rcvd _____ Filed _____ Aa Time 4:00 p
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO<br>PLAINTIFF<br><br>V.<br><br>DARLENE PYEATT<br>DEFENDANT | CASE NO.<br><br><br>NOTICE TO REMOVE |

NOW COMES DARLENE PYEATT, DEFENDANT IN BANNOCK COUNTY COURT CRIMINAL CASE NO. CR2009-8736, -9048, 10956, 11062, AND 11195 MD'S, WHO RESPECT-FULLY ASKS THIS HONORABLE COURT TO REMOVE THIS CRIMINAL CASE TO FEDERAL COURT PURSUANT TO THE JURISDICTION PLACED ON FEDERAL COURT BY

U.S.C. 28, SECTION 1446(C) ET ALL

28 U.S.C. 1331

EXTRAORDINAY CIRCUMSTANCES GIVING FEDERAL COURT JURISDICTION:
MIDDLESEX COUNTY ETHICS COMMITTEE V. GARDEN STATE BAR ASS'N, 457 U.S. 423, 432 (1982)

1) WHERE IRREPARABLE INJURY IS GREAT AND IMMEDIATE. YOUNGER, 401 U.S. AT 46.

2) WHERE THE STATE LAW IS "FLAGRANTLY AND VIOLATIVE OF EXPRESS CONSTITUTIONAL PRO-HIBITIONS," id at 53-54

3) WHERE THERE IS A SHOWING OF "BAD FAITH,
HARRASSMENT, OR OTHER UNUSUAL CIRCUMSTANCES
THAT WOULD CALL FOR EQUITABLE RELIEF,"
id. at 54

AND

QUESTIONS OF LAW, AS WELL AS ISSUES OF FACT
RAISED UPON PETITION FOR REMOVAL MUST BE
TRIED AND DETERMINED BY FEDERAL COURT.
HAMILTON V. HAYES FREIGHT LINES, D.C. Ky. 1952, 102 F. Supp. 544

AND

A CASE WHETHER CIVIL OR CRIMINAL MAY GO BY
APPEAL, OR WRIT OF ERROR DIRECT FROM
CIRCUIT COURT TO THE SUPREME COURT WHEN
THE CASE INVOLVES THE CONSTRUCTION OR
APPLICATION OF THE UNITED STATES CONSTI-
TUTION.
RIDER V. U.S. 178 US 251, 20 S. CT. 838, 44
L. ED. 1057.
28 U.S.C. 1331

AND

TITLE 28 U.S.C. CHAPTER 31, SECTION 509(1) ET ALL
TO PROVIDE THE COURT WITH AN ANALYSIS OF
DEFENDANT'S EVIDENCE OF PROSECUTORIAL MAL-
FEASANCE, CONTAINING LAW ENFORCEMENT SURVEIL-
LANCE SIGNALS, RADIO TRACKING SIGNALS, CELL PHONE
SIGNALS USED TO ASSAULT DEFENDANT DURING

October 2, 2009 Court Proceedings, in triangulation with a microchip unlawfully placed in defendant's left forearm. The results of this analysis would provide the court with a basis of law and fact giving Federal Court Jurisdiction.

Title 28 U.S.C. Chapter 33 Federal Bureau of Investigation. Section 535 (a)(1)(2), (b)(1)(2), (c)(E)(2)

To investigate Bannock County Court's Prosecuting Attorney's malfeasance; or the prosecutors use of law enforcement surveillance signals having been placed on defendant's court documents meant to be used as telecommunication weapons; and the prosecutor having used these telecommunication weapons to torture and alter defendants state of mind during trial proceedings of October 2, 2009 before Honorable Judge Thomsen, at defendants apartment while preparing for defense, and on route.

Evidence Part A, B, C, D, + E
Court Transcripts 10/2/09

## BACKGROUND

IN JANUARY OF 1998, DEFENDANT RECEIVED A
MICROCHIP THAT LODGED IN DEFENDANT'S LEFT
FOREARM, DURING A ROUTINE DOCTOR'S OFFICE
BLOOD TEST. THIS MICROCHIP IS STILL BEING
USED TO ASSAULT DEFENDANT BY AND THROUGH
THE USE OF OTHER TRIANGULATED LAW ENFORCE-
MENT SURVEILLANCE SIGNALS, SUCH AS THOSE
THE BANNOCK COUNTY COURT PROSECUTOR
PLACED ON DEFENDANT'S COURT DOCUMENTS.
   ALSO, IN 1998, DEFENDANT, DARLENE PYEATT, BEGAN
RESEARCHING TELECOMMUNICATION WEAPONS WHEN
IT APPEARED THAT LANDLORDS, REALTORS, AND PROPERTY
MANAGERS WERE USING ELECTRONIC SURVEILLANCE,
RADIO TRACKING, AND CELL PHONE SIGNALS, PLACED
ON COMMON HOUSEHOLD TELECOMMUNICATION AND
ELECTRICAL CONVEYANCES, TO BE USED AS TELE-
COMMUNICATION WEAPONS, WITH WHICH TO ASSAULT
UNSUSPECTING TENANTS; CAUSING A VARIETY OF
SYMPTOMS PORTRAYING PHYSIOLOGICAL WOUNDS,
RANGING FROM EXCRUCIATING PAIN, OR TERMINAL
ILLNESS, TO A DISORIENTED, ALTERED STATE OF MIND.
   AT THE AGE OF 70 DEFENDANT USES PHYSIOLOGICAL
SYMPTOMS TO LOCATE, IDENTIFY, REMOVE TO EVIDENCE,
SHIELD OR NEUTRALIZE THE PROLIFIC TELECOMMONICA-

TION WEAPONS PLACED IN DEFENDANTS APARTMENT,
ON COURT DOCUMENTS, MAIL, SOLES OF SHOES, HANDS,
ETC.; AND THEREBY DEFENDANT HAS AVOIDED THE
NECESSITY OF NUMEROUS DOCTORS OFFICE VISITS
OVER THE COURSE OF THE LAST FEW YEARS. THAT
DOES NOT MEAN DEFENDANT WAS NOT WOUNDED BY
THE LANDLORD/MANAGER OR THE BANNOCK COUNTY
COURT PROSECUTOR'S TELECOMMUNICATION WEAPONS;
IT MEANS THE PHYSIOLOGICAL SYMPTOMS OF LIFE
THREATENING ILLNESS RECEEDED WHEN DEFENDANT
FOUND AND DISMANTLED THE TELECOMMUNICATION
WEAPON USED TO MANUFACTURE THE SYMPTOMS
OF LIFE THREATING ILLNESS.

THREE YEARS INTO RESEARCH DEFENDANT BECAME
AWARE THAT CITY, COUNTY AND STATE GOVERNMENT
AND LAW ENFORCEMENT WERE NOT ONLY ALLOWING
THE UNLAWFUL USE OF TELECOMMUNICATION
WEAPONS, BUT WERE ENCOURAGING REALTORS,
LANDLORDS, AND PROPERTY MANAGERS TO USE
THIS UNLAWFUL ACTIVITY THROUGH WHICH THE USE
OF WAS TO EVADE THE JUDICIAL PROCESS WITH
ITS COSTLY AND UNPREDICTABLE OUTCOME
DURING FORMAL COURT ROOM EVICTIONS. THUS
REDUCING THE COURTS CASELOAD.

HURTING AND HARRASSING UNWANTED TENANTS
INTO LEAVING, WITH THE USE OF UNSEEN, UN-

KNOWN AND UNDETECTABLE TELECOMMUNICATION
WEAPONS, WAS MUCH MORE EFFECIENT.

FROM July 2007 THROUGH July 2010, DEFENDANT
COLLECTED EVIDENCE AND CORRESPONDING DATA
OF HER APARTMENT'S REALTOR, LANDLORD AND
PROPERTY MANAGERS USE OF THESE AFOREMENTIONED
TELECOMMUNICATION WEAPONS WHILE THEY WERE
BEING USED TO ASSAULT DEFENDANT IN HER APARTMENT
LOCATED AT 123 W. LEWIS, #204, IN THE CITY OF POCATELLO.

IN 2008, DEFENDANT COMPLAINED, AND SHOWED
HER EVIDENCE TO POCATELLO SENIOR POLICE
OFFICERS, AND DETECTIVES; WHO RESPONDED BY
PROTECTING THE REALTOR, LANDLORD, AND MANAGER
OF HER APARTMENT. THERE WOULD BE NO EQUAL
PROTECTION UNDER THE LAW COMING FROM POCATELLO
GOVERNMENT / LAW ENFORCEMENT FOR DEFENDANT.
U.S. CONSTITUTION, AMENDMENT FOURTEENTH — THE LAST
FOURTEEN WORDS OF SECTION 1.

IN 2009, POCATELLO GOVERNMENT AND LAW EN-
FORCEMENT BEGAN FABRICATING CRIMINAL CHARGES
WITH WHICH TO BRING DEFENDANT INTO BANNOCK
COUNTY COURT'S JURISDICTION (HONORABLE JUDGE
CARNAROLI, 2009 CASE No. CR2009-15956MD, and
HONORABLE JUDGE THOMSEN, 2009, 2010, CASE
NO. CR2009-8136MD ET ALL).

DEFENDANT COLLECTED EVIDENCE OF PROSECUTORIAL
MALFEASANCE IN THE UNLAWFUL USE OF LAW ENFORCE-

MENT SURVEILLANCE BEING USED AS TELECOM-
MUNICATION WEAPONS FROM MAY 2009 THROUGH
OCTOBER 2009. THUSLY, THE BANNOCK COUNTY
PROSECUTOR WANTED TO SILENCE DEFENDANT'S
AVERMENTS OF PROSECUTORIAL MISCONDUCT, AS
WELL AS, SILENCE DEFENDANT'S TESTIMONY
OF LANDLORD/MANAGERS TELECOMMUNICATION
WEAPONS ASSAULTS ON DEFENDANT; BY HAVING
DEFENDANT FOUND INCOMPETENT TO STAND
TRIAL, AND PLACED IN THE HANDS OF THE
DEPT. OF HEALTH AND WELFARE UNTIL SUCH TIME
AS THE FIVE CRIMINAL MISDEMEANOR CASES
COULD BE DROPPED, OR DISMISSED.

THIS WAS TO BE ACCOMPLISHED BY AND
THROUGH THE COURTS USE OF IDAHO Codes
18-210, 18-211, AND 18-212.

ON OCTOBER 2, 2009, DURING TRIAL PROCEED-
INGS FOR THE FIVE CONSOLIDATED CRIMINAL MIS-
DEMEANOR CASES IN BANNOCK COUNTY COURT,
HONORABLE JUDGE THOMSEN PREVENTED
DEFENDANT FROM SUBMITTING EVIDENCE, KNOWN
DURING TRIAL PROCEEDINGS AS PART C, OR THE
FIVE POLICE INCIDENT REPORTS, THAT OF PROSE-
CUTORIAL MALFEASANCE, BY INVOKING IDAHO CODE,
SECTIONS 18-210 AND 18-211; THEREBY ORDERING

DEFENDANT TO VOLUNTARILY SUBMIT TO UP TO
EIGHTEEN MONTHS OF MENTAL RESTRAINT,
EVALUATION, AND REHABILITATION BY THE
DEPT. OF HEALTH AND WELFARE.
   TRANSCRIPTS-(10-2-09) NOT INCLUDED HEREIN.
   47 L. Ed 2d 275 ANNOTATIONS: SUPREME COURTS
   VIEWS AS TO THE CONCEPT OF "LIBERTY" UNDER
   DUE PROCESS CLAUSES OF FIFTH AND FOURTEENTH
   AMENDMENTS, SECTION 4.
   BOLLING V. SHARPE (1954) 347 US 497, 98 L. Ed. 884,
   74 S. Ct. 693.
   53 OHIO OPS 331, SUPP. OP 349 US 294, 99 L. Ed. 1083,
   75 S. Ct. 753
   57 OHIO OPS 253, 71 OHIO L. Abs 584 (STATING THAT THE TERM
   "LIBERTY IS NOT CONFINED TO MERE FREEDOM FROM
   BODILY RESTRAINT, AND THAT LIBERTY UNDER LAW
   EXTENDS TO A FULL RANGE OF CONDUCT WHICH
   THE INDIVIDUAL IS FREE TO PURSUE, AND WHICH
   CANNOT BE RESTRICTED EXCEPT FOR A PROPER
   GOVERNMENTAL OBJECTIVE.)
   BOARD OF REGENTS V. ROTH (1972) 408 US 564

   ALSO AT TRIAL ON OCTOBER 2, 2010, THE STATE
PROSECUTOR USED LAW ENFORCEMENT SURVEILLANCE
SIGNALS AS TELECOMMUNICATION WEAPONS WHICH
WERE PREVIOUSLY PLACED ON PART C, THE FIVE
POLICE INCIDENT CITATIONS EVIDENCE, TO ASSAULT
DEFENDANT CAUSING DEFENDANT TO BECOME DIS-
ORIENTED, TO SUFFER AN ALTERED STATE OF MIND;

FROM THAT OF HAVING BEEN ATTENTIVE TO TRIAL
PROCEEDINGS, TO THAT OF DISTRACTION, CONFUSED
THOUGHT PROCESSES AND BELLIGERANCE.
   TITLE 18 U.S.C. 2340 (1)(2)(A)(B)(6)
              23404 (b)(1)(2)
      TRANSCRIPTS FROM 10/2/09 (NOT INCLUDED HEREIN)
      TRANSCRIPTS FROM 7/26/10 p.11 lines 1 THRU4 (included)

   DEFENDANT RESPECTFULLY REFUSED TO OBEY THE
COURTS ORDER TO GO TO THE DEPT. OF HEALTH AND
WELFARE FOR A MENTAL EVALUATION, AND UP TO
EIGHTEEN MONTHS OF MENTAL RESTRAINT AND REHAB-
ILITATION.

   FORCED TO ACT AS PRO SE, DEFENDANT FAIRED
POORLY DURING THE IDAHO SUPREME COURT
APPELLATE PROCESS (OCT. 2009 THRU JAN 2010) IN
WHICH DEFENDANT CHALLENGED THE CONSTITU-
TIONALITY OF IDAHO CODE, SECTION 18-210, 18-212
AND 18-211,' WHICH ULTIMATELY DEPRIVE DE-
FENDANT OF HER RIGHTS TO A FAIR TRIAL, DUE
PROCESS, EQUAL PROTECTION, FREEDOM, AND
RIGHT TO CONFRONT.
   UNITED STATES CONSTITUTION AMENDMENTS V, VI, FOURTEENTH.

   AGAIN WITHOUT COUNSEL, DEFENDANT FILED AN
INEPT NOTICE TO REMOVE WITH FEDERAL COURT
(4:10-CV-00072-BLW) ON FEBRUARY 9, 2010; WHICH
HONORABLE JUDGE LYNN WINMILL REMANDED
BACK TO BANNOCK COUNTY COURT (APRIL 8, 2010).

DEFENDANT TRIED TO APPEAL TO NINTH
CIRCUIT COURT (CASE No. 10-35577) ON JUNE
25, 2010, ONLY TO HAVE THE CASE DISMISSED
FOR LACK OF SUBJECT MATTER JURISDICTION
(IN NOTICE TO REMOVE 2/9/10). THE NINTH
CIRCUIT COURT DISMISSED ON August 25, 2010.

WHILE IN JAIL FOR FAILURE TO APPEAR ON
THE SECOND FALSE ARREST AND CONFINEMENT; ON
JULY 26, 2010, HONORABLE JUDGE THOMSEN
ORDERED DEFENDANT TO BE COMMITTED TO
BLACKFOOT STATE HOSPITAL, PURSUANT TO
IDAHO CODE, SECTION 18-212. DEPT. OF
HEALTH AND WELFARE GAVE DEFENDANT THE
REQUIRED MENTAL EVALUATION (OF INCOMPETENT
TO STAND TRIAL) ON JUNE 17, 2010, WHICH THE
COURT HAD TO HAVE PRIOR TO THE JULY 26, 2010
COURT HEARING AND COMMITTMENT.

DEFENDANT WAS TRANSPORTED FROM JAIL TO
BLACKFOOT STATE HOSPITAL ON Aug. 4, 2010.
THEREIN, ON August 25, 2010, AND AGAIN ON
SEPT. 8, 2010 BLACKFOOT STATE HOSPITAL'S PSY-
CHOLOGIST / LEGAL EXPERT ON IDAHO CODE 18-212
(FITNESS TO PROCEED) INFORMS DEFENDANT THAT
DEFENDANT WILL BE HELD THE INITIAL NINETY
DAYS, THEN BY ORDER OF THE COURT UNDERGO
A CIVIL COMMITTMENT FOR AN ADDITIONAL

ONE HUNDRED EIGHTY DAYS; IF DEFENDANT CON-
TINUES TO AVER PROSECUTORIAL MISCONDUCT,
AS WELL AS SEEK TO USE AS A DEFENSE OF
THE BANNOCK COUNTY COURT CRIMINAL CASES
CR 2009-8736MD ET ALL, AT TRIAL, THE LANDLORD
MANAGERS USE OF THE AFOREMENTIONED TELECOM-
MUNICATION WEAPONS ASSAULTS ON DEFENDANT
DURING TENANCY JULY, 2007 THRO COMMITTMENT
PROCEEDINGS OF JULY 26, 2010. AFTER WHICH TIME
THE CRIMINAL CHARGES WILL BE DISMISSED, AND
DEFENDANT WILL HAVE BEEN DEPRIVED OF HER
RIGHTS TO DUE PROCESS, FAIR TRIAL, EQUAL PROTECTION,
FREEDOM, AND RIGHT TO CONFRONT.
UNITED STATES CONSTITUTION AMENDMENTS V, VI AND FOURTEENTH.
28 U.S.C. 1331
    THEREFORE, THE STATE OF IDAHO'S USE OF IDAHO
CODES 18-210, 18-211 AND 18-212 BY WHICH TO DIVERT
TRIAL PROCEEDINGS TO AN ISSUE OF INCOMPETENCE,
WITH EVENTUAL DISMISSAL OF CHARGES DEPRIVES
DEFENDANT OF V, VI, AND FOURTEENTH AMEND-
MENTS TO THE UNITED STATES CONSTITUTION.
    THE RIGHT TO A FAIR TRIAL IN A CRIMINAL CASE
WAS HELD TO BE FUNDAMENTAL LIBERTY SECURED
BY THE FOURTEENTH AMENDMENT N
    ESTELLE V. WILLIAMS (1976) 425 US 501, 48 L. Ed 2d 126,
    96 S. Ct. 1091, reh den (US) 49 L. Ed 2d 1199.
    UNITED STATES CONSTITUTION, SECTION 1. AMEND 14.
    16 B AM JUR 2d, CONSTITUTIONAL LAW
    IX FUNDAMENTAL RIGHTS AND PRINCIPLES

SECTION 581, GENERALLY.

SECTION 561, CONSTRUCTION AND DEFINATION
OF TERMS.

SECTION 562, ELEMENTS, GENERALLY.
SECTION 565, GENERALLY, PHYSICAL
RESTRAINT.

28 U.S.C. 1331

<u>EXTRAORDINARY CIRCUMSTANCES GIVING
FEDERAL COURT JURISDICTION</u>

1) IRREPARABLE INJURY IS BOTH GREAT AND
IMMEDIATE, YOUNGER US AT 46.

2) WHERE THE STATE LAW IS FLAGRANTLY AND
PATENTLY VIOLATIVE OF EXPRESS CONSTITU-
TIONAL PROHIBITIONS id. at 53-54.

3) WHERE THERE IS A SHOWING OF "BAD
FAITH AND HARRASSMENT, OR ANY OTHER
UNUSUAL CIRCUMSTANCES THAT WOULD
CALL FOR EQUITABLE RELIEF." id. at 54

3) BAD FAITH/HARRASSMENT/UNUSUAL CIRCUM-
STANCES : AT TRIAL ON OCTOBER 2, 2009, THE
STATE PROSECUTOR USED PREVIOUSLY PLACED LAW
ENFORCEMENT SURVEILLANCE SIGNALS ON DEF-
ENDANT'S EVIDENCE, KNOWN AT TRIAL PROCEEDINGS
AS PART C, OR THE FOUR POLICE INCIDENT REPORTS,
TO ASSAULT DEFENDANT, CAUSING DEFENDANT
TO BECOME DISORIENTED AND TO SUFFER AN

ALTERED STATE OF MIND; OR THAT OF HAVING BEEN ATTENTIVE TO TRIAL PROCEEDINGS TO ONE OF CONFUSED THOUGHT PROCESSES, DISORIENTA- TION, WITH BELLIGERANT BEHAVIOR. IN FACT DEFENDANT SUFFERED AN ALTERED STATE OF MIND.

THIS SUBTLE TORTURE IS ACHIEVED THROUGH THE UNLAWFUL PLACEMENT OF A MICRO CHIP INTO A VICTIM; WITH WHICH A PERPETRATOR MAY TRIANGULATE OTHER LAW ENFORCEMENT SURVEILLANCE SIGNALS, SUCH AS THOSE THE PROSECUTOR PLACED ON DEFENDANTS EVIDENCE KNOWN AS PART C, THE FOUR POLICE INCIDENT CITATIONS; TO CAUSE DEFENDANT TO SUFFER SEVERE REPITIOUS PHYSIOLOGICAL HEART RHYTHM CHANGES, ALTERING DEFENDANTS CARDIOVASCULAR SYS- TEM AND METABOLISM, TO EVOKE DEFENDANTS ALTERED STATE OF MIND; DURING WHICH DEFENDANTS ATTENTION WAS DRAWN TO THE REPETITOUS HEART RHYTHM OF FIVE FAST AND HARD BEAT (ABOUT 120 BEATS PER MINUTE), THEN A PAUSE, THEN FIVE FAST HARD BEATS AGAIN, OVER AND OVER FOR SEVERAL MINUTES WHILE HON. JUDGE THOMSEN WAS QUESTIONING DEFENDANT

ABOOT DEFENDANTS EVIDENCE, PART G, WHICH
HON. JUDGE THOMSEN AND A COURT MARSHALL
HAD JUST REMOOED FROM ITS PROTECTIOE
SHIELDED WRAPPING (IN COURT CHAMBERS).
TITLE 18 USC CHAPTER 113C SECTION 2340 (N)(2)(A)(B)(b)(3)
2340 A TORTURE(b)(i)(2).
   SPECIFICALLY "THE ADMINISTRATION OR AP-
PLICATION OF OTHER PROCEDURES WHICH ARE
CALCULATED TO DISRUPT PROFOUNDLY THE
SENSES OR THE PERSONALITY."

1) IRREPARABLE INJURY---: THE STATE PROSECUTOR
DID NOT DEVISE THE ADMINISTRATION OR APPLICATION
OF PROCEDURES WHICH THE PROSECUTOR CALCULATED
WAS TO PROFOUNDLY DISRUPT THE PERSONALITY OF
ONLY THIS DEFENDANT; THE PROSECUTOR REPITIOUSLY
USES THIS PROCEDURE ON EACH AND EVERY DEFENDANT
WHO COMES BEFORE THE COURT IN BANNOCK COUNTY
COURT HOUSE TO ALTER THEIR STATE OF MIND, AS
WELL; IN ORDER TO GAIN AN UNFAIR ADVANTAGE
TO PROVIDE THE PROSECUTOR'S OFFICE WITH A
MORE FAVORABLE OUTCOME OF TRIAL PROCEEDINGS.
TITLE 18 U.S.C. CHAPTER 113 C SECTION 2340(1)(2)(A)(B)(b)(3)
                    SECTION 2340 A TORTURE (b)(i)(2).
37 AM JUR 2d FRAUD AND DECEIT.
63C AM JUR 2d PROSECUTING ATTORNEY'S DUTY TO
    THE ACCUSED. STATE V. BERRY (MO APP) 526 SW 2d 92;
PEOPLE V. ZIMMERMAN 51 NY 2d 390, 434 NYS 2d 106,
414 NE 2d 705.

THE PUBLIC INTEREST DEMAND THE PROSECUTION BE
CONDUCTED WITH ENERGY AND SKILL, BUT THE
PROSECUTING OFFICER SHOULD SEE THAT NO
UNFAIR ADVANTAGE IS TAKEN OF THE ACCUSED.
SCOTT V. STATE, 53 Ga APP 61, 185 SE 131, AFFD. 184
GA 164, 190 SE 582.

THIS SUBTLE TORTURE CAUSING DEFENDANT TO
SUFFER AN ALTERED STATE OF MIND GAVE THE
COURT AND THE PROSECUTION TIME WITH WHICH
TO PREVENT DEFENDANT FROM TESTIFYING AND
SUBMITTING EVIDENCE OF LANDLORD/MANAGERS
USE OF UNLAWFUL ELECTRONIC SURVEILLANCE,
RADIOTRACKING AND CELL PHONE STALKING AND
OF PROSECUTORIAL MISCONDUCT.

63C AM JUR 2d SECTION 24 INTRODUCTION OF
EVIDENCE SAYS: THE PROSECUTING ATTORNEY
MUST BRING TO THE ATTENTION OF THE COURT,
OR THE DEFENSE, ALL MATERIAL EVIDENCE
SUGGESTIVE OF INNOCENSE OR MITIGATION,
AND THE FAILURE TO DO SO VIOLATES THE
ACCUSED'S CONSTITUTIONAL RIGHT TO DUE
PROCESS.
IMBLER V. PACHTMAN 424 US 409, 47 L. Ed. 2d 128,
96 S. CT. 984
BRADY V. MARYLAND, 373 US 83, 10 L. Ed. 2d 215,
83 S. Ct. 1194
SMITH V. SECRETARY OF N.M. DEPT. OF CORRECTIONS
(Ca 10 NM) 50 F 3d 801, MOTION GRANTED, Cert den
(US) 133 L. Ed 2d 193, (116 S. Ct. 272.

DEFINATION: EVIDENCE WHICH IS MATERIAL IS
EVIDENCE FOR WHICH THERE IS REASONABLE

PROBABILITY THAT, HAD THE EVIDENCE BEEN DIS-
CLOSED TO THE DEFENSE (ON OCT. 2, 2009 DEFEND-
ANT WAS ACTING PRO SE), THE RESULT OF THE PRO-
CEEDING WOULD HAVE BEEN DIFFERENT.

   AT TRIAL ON OCTOBER 2, 2009 THE PROSECUTOR
DID NOT TELL THE COURT, OR THE DEFENSE: "THE
PROSECUTION HAS LITTLE CHANCE OF WINNING THIS
CASE IF THE DEFENDANT IS ALLOWED TO SUBMIT
HER EVIDENCE KNOWN AS PART C, WHICH ARE
THE POLICE INCIDENT CITATIONS, BECAUSE THEY
CONTAIN UNLAWFULLY PLACED LAW ENFORCEMENT
SURVEILLANCE SIGNALS, THAT ARE BEING USED
TO ASSAULT DEFENDANT AS WE SPEAK."

   FURTHER THE PROSECUTOR CONTINUES TO USE
THIS CRIMINAL TORTUROUS PROCEDURE ON ALL
DEFENDANTS WHO GO THRU TRIAL PROCEEDINGS IN
BANNOCK COUNTY COURT, VIA TRIANGULATIONS
WITH A MICROCHIP PLACED JUST UNDER THE SKIN
DURING ROUTINE TUBERCULIN TESTS, WHILE INCAR-
CERATED AT BANNOCK COUNTY JAIL.

   DEFENDANT DEFERS FEDERAL COURTS ASSURANCE
OF THE EXISTENCE OF SAID MICRO CHIPS IN DEFEND-
ANT'S LEFT FOREARM TO A TEST MADE BY EXPERT
WITNESS, THE FEDERAL BUREAU OF INVESTIGATION,
WHOM FEDERAL COURT TRUSTS TO GIVE A RELIABLE,
INDISPUTABLE SOURCE OF VALIDATION PROVIDING

THE COURT WITH A BASIS OF BOTH LAW AND FACT
GIVING THE COURT JURISDICTION FOR REMOVAL.

FURTHER, WHILE THE SHERIFF'S DEPARTMENT
MAY HAVE SOME IMMUNITY THAT ALLOWS PLACEMENT
OF MICROCHIPS IN CERTAIN FELONS, FOR SURVEILL-
ANCE PURPOSES; THE SHERIFF'S DEPARTMENT
IS NOT IMMUNE FROM PROSECUTION SHOULD THIS
MICROCHIP BE USED TO SUBVERT COURT PRO-
CEEDING BY AND THROUGH TELECOMMUNICATION
TRIANGULATIONS WITH OTHER ELECTRONIC
SURVEILLANCE SIGNALS USED FOR THE
PURPOSE OF ALTERING A DEFENDANT'S STATE
OF MIND DURING TRIAL PROCEEDINGS IN ORDER
TO TAKE UNFAIR ADVANTAGE OF THE DEFENDANT;
THUS DEPRIVING DEFENDANTS OF THEIR CONSTI-
TUTIONAL RIGHTS TO EQUAL PROTECTION, DUE PRO-
CESS, FAIR TRIAL, FREEDOM. U.S. CONSTITUTION V, VI, XIII.
   37 AM JUR 2d FRAUD AND DECEIT (DEF IS BEING
    HELD AGAINST HER WILL AND HAS NOT THE OPPOR-
    TUNITY TO RESEARCH THIS SPECIFIC SECTION ON
    FRAUD AND DECEIT.)
U.S.C. TITLE 18, CHAPTER 115 SEDITIOUS CONSPIRACY
   "... OR BY FORCE TO PREVENT, HINDER OR
    DELAY THE EXECUTION OF ANY LAW OF THE
    UNITED STATES."
FURTHER, DEFENDANT WAS RELEASED FROM JAIL
JUNE 28, 2010 THROUGH JULY 23, 2010; DURING
WHICH TIME TWO SHERIFF'S SEARCH AND RESCUE

VEHICLES, DEPT. OF CORRECTION'S VEHICLES, AND POCATELLO POLICE SPORT UTILITY VANS STALKED DEFENDANT, OR THE "TUBERCULIN TEST" MICROCHIP IN ORDER TO TEST IT'S EFFICACY; CAUSING DEFENDANT'S HEART RATE TO ACCELERATE DURING LAW ENFORCEMENT TELECOMMUNICATION TRANSMISSIONS, AND UNTIL SUCH TIME AS DEFENDANT COULD PLACE A SHIELD ON HER LEFT FOREARM TO BLOCK TRANSMISSIONS TO THE MICROCHIP AND SLOW HER HEART RATE. THIS USUALLY TOOK TWO TO FOUR MINUTES EACH TIME. WITHOUT SHIELDING, DURING THESE ASSAULTS TO DEFENDANT'S CARDIO-VASCULAR SYSTEM, DEFENDANT'S HEART RATE WOULD HAVE REMAINED ABOUT ONE HUNDRED, TWENTY BEATS PER MINUTE UNTIL TELECOMMUNICATION TRANSMISSIONS TRANSMISSIONS TO THE MICROCHIP WERE TURNED OFF, WITH THE PUSH OF A BUTTON. DEFENDANT COLLECTED TIME, DATE AND LICENSE PLATES OF SEVERAL STALKINGS, AND TOOK PICTURES TO PRESENT TO FEDERAL COURT WHEN AND IF THIS CASE IS REMOVED.

   AT THE AGE OF SEVENTY, DEFENDANT HAS NO PRIOR CRIMINAL RECORD. IT IS WITH MALICE AND FORETHOUGHT THAT THE PROSECUTOR ARRANGED THE SECOND COURT HEARING ON JULY 15, 2010, SO DEFENDANT WOULD BE ARRESTED A SECOND TIME FOR FAILURE TO APPEAR ON JULY 23, 2010. DEFENDANT SPENT A TOTAL OF THIRTY-FIVE DAYS IN JAIL FOR MISDEMEANORS.

3) BAD FAITH AND HARRASSMENT

BANNOCK COUNTY COURT, AND PROSECUTOR
ARRANGED TWO COURT DATES (ABOUT MAY
12, 2010 AND JULY 15, 2010) WITHOUT TELLING
DEFENDANT OF THE COURT DATES SO THE
COURT AND THE PROSECUTOR COULD HAVE
DEFENDANT ARRESTED ON FIVE BENCH
WARRANTS FOR FAILURE TO APPEAR   TWICE.
37 AM JUR 2d FRAUD AND DECEIT (a)(b)(c) (d)(e)
   SECTION 12  REPORT, CERTIFICATES AND
   STATEMENTS REQUIRED TO BE FILED WITH
   PUBLIC OFFICIALS.
63C AM JUR 2d 2006 CUMULATIVE SUPPLEMENT.
   SECTION 4  CIVIL LIABILITY OF PROSECUTING
      ATTORNEY; IMMUNITY
   SECTION 6  CIVIL LIABILITY OF PROS. ATTY.
   SECTION 26  GENERALLY
   AM JUR 2d OATH FOR JUDGES, SECTION 10.
   TRANSCRIPTS FROM 8/26/10;
      PAGE 8  LINES 6 THRU 12
      PAGE 10  LINES 9 THRU 25
      PAGE 11  LINES 9 THRU 25
      PAGE 12  LINES 1 THRU 25
      PAGE 13  LINES 1 THRU 4
      PAGE 13  LINES 19 THRU 24

WITH HONORABLE JUDGE THOMSEN POINTING TO THE INSTRU-
MENT ("A NOTE") THAT ALLOWED THE PROSECUTOR TO MAIL THE
COURT DATE TO THE KNOWN WRONG ADDRESS A SECOND TIME.
      PAGE 12  LAST TWO WORDS ON LINE 12

3) BAD FAITH AND HARRASSMENT
ON SEPT. 15, 2010 DEFENDANT LEARNS STATE HOSPITAL WANTS
TO CHANGE DEFENDANT'S MEDICATION, PURSUANT TO COURT REQUEST,
TO FIND A MEDICATION THAT WILL STOP DEFENDANT FROM
PURSUING  PROSECUTORIAL MISCONDUCT.

1) IRREPARABLE INJURY
2) VIOLATIVE STATE LAW
3) UNUSUAL CIRCUMSTANCES

BEGINNING WITH THIS CASE'S SAME PROSE-
CUTING ATTORNEY'S INEPT ATTEMPT AT HAVING
DEFENDANT COMMITTED TO UP TO EIGHTEEN
MONTHS OF MENTAL RESTRAINT AND REHABIL-
ITATION WITH THE DEPT. OF HEALTH AND WELFARE,
BEFORE HONORABLE JUDGE CARNAROLI, 2009,
CASE NO. CR 2009-15956 ND; IT WAS NEVER
THE PROSECUTIONS INTENT TO GO TO TRIAL.

WITH MALICE AND FORETHOUGHT, FRAUD AND
DECEIPT, IT IS THE PROSECUTIONS INTENT TO HAVE
DEFENDANT UNDERGO GUARDIANSHIP PROCEEDINGS
SO THAT DEFENDANT WILL NOT BE ABLE TO CON-
DUCT ANY MORE RESEARCH INTO LAW ENFORCE-
MENT TELECOMMUNICATIONS, AS THE DEPT OF
HEALTH AND WELFARE WILL HAVE TO APPROVE
OF AND HAVE CONTROLL OF ALL OF DEFENDANTS
EXPENDITURES, INCLUDING RENT ON AN APART-
MENT, BEFORE DEFENDANTS MONTHLY INCOME
MAY BE ACCESSED. IT IS THE PROSECUTIONS
INTENT TO STOP DEFENDANT FROM SUBMITTING
EVIDENCE, NEW OR OLD, AND TESTIMONY OF
LAW ENFORCEMENT TELECOMMUNICATION MISCON-
DUCT, BY PURSUING GUARDIANSIP PROCEED-

INGS.

IN THE FOLLOWING PLEASE NOTE THE EXCESSIVE AMOUNT OF TIME THE PROSECUTION, AND THE COURT DEVOTE TO THE DEVELOPMENT OF GUARDIAN-SHIP PROCEEDINGS; PURSUANT TO DR. KEITH SOMMERS OF THE DEPT. OF HEALTH AND WELFARES MENTAL EVALUATION OF DEFENDANT. THE EVAL. WAS DONE ON JUNE 12, 2010 WHILE DEFENDANT WAS IN JAIL.

TRANSCRIPTS FROM 8/26/2010 (INCLUDED HEREIN)

a) "THAT PRIOR TO EVEN GETTING TO A GUARDIANSHIP PROCEEDING----" on:
   PAGE TWO, LINE, 17 THRU 20.

b) AGAIN WITH MALICE AND FORETHOUGHT ON:
   PAGE THREE, LINES 8 THRU 11, 12 THRU 19.

c) PAGE THREE, LINE 19 SAYS:
   "THAT'S THE FIRST STEP.

d) WITH MORE REPETITIOUS INTENT ABOUT "GUARDIANSHIP," AND "LACKS CAPACITY TO MAKE INFORMED DECISIONS."
   PAGE FOUR, LINES 12 AND 13, 17 AND 18
   PAGE FIVE, LINES 15 AND 16

e) THEN HON. JUDGE THOMSEN SHOWS CONFUSION; THE PROSECUTOR WANTS BOTH DISMISSAL AND GUARDIANSHIP ON:
   PAGE 9, LINES 1 THRU 12, 22 AND 23.

31 AMJUR 2D (a)(b)(c)(d)(e) FRAUD AND DECEIPT.

1) IRREPARABLE INJURY
2) VIOLATIVE STATE LAW
3) HARRASSMENT / UNUSUAL CIRCUMSTANCES

ON SEPTEMBER 8, 2010 BLACKFOOT STATE HOSPITAL'S PSYCHOLOGIST AND LEGAL EXPERT ON IDAHO CODE 18-212 (FITNESS TO PROCEED) HELD A DISCUSSION WITH DEFEND-ANT. THE LEGAL EXPERT ACTED AS JUDGE, JURY AND PROSECUTION WHILE INTERROGATING DEFENDANT DURING HIS READING OF THE POLICE REPORTS ON THE FIVE CRIMINAL CASES. AFTER WHICH THE LEGAL EXPERT TOLD DEFENDANT, " I CAN'T LET YOU GO IF THIS IS WHAT YOU WILL TESTIFY, IF YOU PERSIST IN TESTIFYING ABOUT ELECTRONIC SURVEILLANCE AND TELECOMMUNICATIONS, AND IF YOU PERSIST IN CLAIMING PROSECUTORIAL MISCONDUCT. I COULD KEEP YOU HERE A YEAR AND A HALF. "

IT APPEARS IT IS THE INTENTION OF BLACKFOOT STATE HOSPITAL'S LEGAL EXPERT ON IDAHO CODE 18-212 TO DEPRIVE APPELLANT OF HER CONSTI-TUTIONAL RIGHTS TO DUE PROCESS, FAIR TRIAL, EQUAL PROTECTION, FREEDOM, AND RIGHT TO CONFRONT. THE LEGAL EXPERT IS USING MALICE AND FORETHOUGHT, THREAT AND COERCION IN AN ATTEMPT TO BREAK DEFENDANT INTO PLEADING GUILTY AND ACCEPT THE STRONG POSSABILITY OF PROBATION AND GUARDIANSHIP PROCEEDINGS.
OBSTRUCTION OF JUSTICE
UNITED STATES CONSTITUTION AMEND. V, VI, AND FOURTEENTH.

RELIEF SECTION

DEFENDANT CANNOT GET A FAIR TRIAL IN BANNOCK COUNTY STATE COURT.

DEFENDANT SEEKS RELIEF AS TO A QUESTION OF LAW AS TO THE CONSTITUTIONALITY OF IDAHO CODES 18-210, 18-211 AND 18-212. DEFENDANT AVERS THESE STATE LAWS DEPRIVE DEFENDANT OF CONSTITUTIONAL RIGHTS TO FREEDOM, LIBERTY, DUE PROCESS, EQUAL PROTECTION, FAIR TRIAL AND RIGHT TO CONFRONT.

AMENDMENTS V, VI, AND XIIII

28 U.S.C. 1331

DEFENDANT SEEKS RELIEF IN REMOVAL OF THIS STATE CASE TO FEDERAL COURT SO DEFEND-ANT MAY DEFEND HERSELF AGAINST THE FIVE CRIMINAL MISDEMEANOR CHARGES.

DEFENDANT SEEKS RELIEF IN REMOVAL OF THIS STATE CASE TO FEDERAL COURT SO DEFENDANT MAY TESTIFY AND SUBMIT EVIDENCE OF PROSECUTORIAL MALFEASANCE.

RELIEF IS SOUGHT SHOULD THE COURT REQUEST CLARIFICATION PRIOR TO A DECISION ON REMOVAL, BY ALLOWING DEFENDANT, OR BY THE COURTS OWN INSTRUCTION, BRINGIN EXPERT WITNESS, FEDERAL BUREAU

OF INVESTIGATION TO TEST AND EXAMINE
THE MICROCHIPS IN DEFENDANTS LEFT FOREARM,
AND/OR ONE OR MORE OF DEFENDANTS EVIDENCE,
KNOWN AT TRIAL ON OCTOBER 2, 2009 AS THE
FIVE PIECES OF EVIDENCE (PARTS A, B, C, D
AND E) WHICH WILL PROVIDE THE COURT WITH
A BASIS OF LAW AND FACT GIVING FEDERAL
COURT JURISDICTION FOR REMOVAL. DEFENDANT
IS IN THE PROCESS OF REQUESTING A TEST AND
EXAMINATION BY EXPERT WITNESS, AND ONLY
AWAITS DISTRICT COURT CASE NO. OF THIS NOTICE
TO REMOVE SO EXPERT WITNESS MAY READ THIS
NOTICE TO REMOVE IN ORDER TO UNDERSTAND
THE REASONS EXPERT WITNESS IS REQUESTED.

WHEREFORE, DEFENDANT, DARLENE PYEATT,
RESPECTFULLY MOVES THIS HON. COURT FOR
JUDGEMENT REMOVING THESE CRIMINAL CASES:
CR 2009-8736, -9048, -10596, -11052, AND
11195 MD'S FROM BANNOCK COUNTY STATE
COURT TO UNITED STATES DISTRICT COURT.

UNDER PENALTIES OF PERJURY AS
PROVIDED BY LAW, THE UNDERSIGNED
CERTIFYS THAT THE STATEMENTS SET FORTH
IN THIS INSTRUMENT ARE TRUE AND
CORRECT.

DATED: SEPTEMBER 16, 2010

DATE: SEPTEMBER 16, 2010

_Darlene Pyeatt_
DARLENE PYEATT, DEFENDANT

MAILING ADDRESS:
BLACKFOOT STATE HOSPITAL
DARLENE PYEATT
P.O. BOX 400
BLACKFOOT, ID. 83221

HOME ADDRESS:
DARLENE PYEATT
723 W. LEWIS #204
POCATELL, ID. 83204
NO TELEPHONE

CERTIFICATE OF SERVICE

I, DARLENE PYEATT, DO HEREBY CERTIFY
THAT I SERVED A COPY OF MOTION FOR NOTICE
TO REMOVE ON THE FOLLOWING:

STATE OF IDAHO
PLAINTIFF
NANCY FERRIS
PROSECUTOR
324 E. CENTER ST.           ☒  BY MAIL
POCATELLO, ID. 83201

DATE: SEPTEMBER 16, 2010

_Darlene Pyeatt_
DARLENE PYEATT, DEFENDANT

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT

STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

MAGISTRATES DIVISION

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **T R A N S C R I P T** |
| | ) | |
| Plaintiff, | ) | OF |
| | ) | |
| vs. | ) | COURT HEARING |
| | ) | |
| DARLENE PYEATT, | ) | CASE NOS. CR-2009-10596-MD, |
| | ) | CR-2009-11195-MD, CR-2009- |
| | ) | MD, CR-2009-9048-MD, |
| | ) | CR-2009-8736-MD and |
| Defendant. | ) | CR-2009-11052-MD |

CITY OF POCATELLO, COUNTY OF BANNOCK, IDAHO

Transcript of the Court Hearing held on the 26th day of
July 2010, before the **HONORABLE STEVEN A. THOMSEN.**

APPEARANCES:

NANCY FERRIS, City of Pocatello
Deputy Prosecuting Attorney,
appeared for and in behalf of
Plaintiff, STATE OF IDAHO.

WARREN WEBBER, Bannock County
Deputy Public Defender, appeared
for and in behalf of the
Defendant, DARLENE PYEATT.

The Plaintiff and Defendant were
present in the Courtroom with
counsel, during the whole of the
proceedings.

WHEREUPON, the following
proceedings and testimony were
had and taken and entered as of
record.

**REQUESTED BY DARLENE PYEATT, DEFENDANT**
**SHERRILL GRIMMETT, TRANSCRIBER**


COPY

# TRANSCRIPT OF COURT HEARING

## CASE NUMBER CR-2009-10596-MD, CR-2009-11195-MD, CR-2009-9048-MD, CR-2009-8736-MD, and finally CR-2009-11052-MD.

### INDEX

**PRELIMINARY MATTERS**                            1

**REVIEW OF CASES HISTORY**

    Ferris                                       1

**MOTION FOR EVALUATION/CARE**

    Ferris                                       4

    Webber                                       4

    Pyeatt                                       6

**CONCLUSION**

    Webber to assist Defendant/Appeal            8

    Defendant remanded to custody of
      Health and Welfare                         9

**DEFENDANTS AMERICAN JURISPUDENCE ARGUMENT**

    Pyeatt                                       10

Reporter's Certificate                           14

1

2

3

4      IN THE DISTRICT COURT FOR THE SIXTH JUDICIAL DISTRICT OF

5         THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

6                           MAGISTRATES DIVISION

7  STATE OF IDAHO,              )      T R A N S C R I P T
                                )
8                  Plaintiff,   )              OF
                                )
9      vs.                      )      COURT HEARING
                                )
10 DARLENE PYEATT,              )      CASE NOS. CR-2009-10596-MD,
                                )      CR-2009-11195-MD, CR-2009-MD,
11                              )      CR-2009-9048-MD, CR-2009-8736-
   Defendant.                   )      MD, and CR-2009-11052-MD
12 _____  )

13      COURT: We will take up State of Idaho versus Darlene

14 Pyeatt. We have CR-2009-10596-MD, CR-2009-11195-MD, CR-

15 2009-9048-MD, CR-2009-8736-MD, and finally CR-2009-11052-

16 MD. Ms. Pyeatt is here with her attorney, Mr. Warren

17 Webber. Ms. Nancy Ferris is the prosecuting attorney. Ms.

18 Ferris, what I would like you to do is sort of go through a

19 little of a procedural history with this case so that we

20 have a record of what has occurred and what the report of

21 the Designated Examiner has been.

22      FERRIS: Your Honor, I don't have exact dates, but I do

23 know that his matter has a number of files with it, four or

24 five different files that you read the case numbers on that

25 occurred quite a while back. The matter has been set for

TRANSCRIPT OF COURT HEARING - 1

1  trial and trial was begun and subsequently halted; time for

2  an examination to occur. That examination finally did occur

3  by Dr. Heath Sommer and the report is dated 6/23 of 10 with

4  an evaluation date of 6/17 of 10. You set this matter for a

5  hearing to decide what to do from this point several weeks

6  ago and Ms. Pyeatt did not appear at that hearing, so we

7  are now here today at that particular, for that particular

8  matter. According to Dr. Sommer's report and he is a

9  clinical psychologist here with the State of Idaho and, in

10  fact, one of the directors at the Department of Health and

11  Welfare. This indicates that Dr. Sommer says that Ms.

12  Pyeatt is unable to truly understand the very nature and

13  ramifications of her case and mental health status, thus

14  adding to the conclusions that she does appear incompetent

15  to assist in her own defense. Recovery is very unlikely for

16  competency. In addition, he indicates that it appears that

17  Ms. Pyeatt is incapable of making informed decision

18  regarding caring for her own interests and then in

19  parenthesis, such as including medical. His suggestion is

20  also limited guardianship. Your Honor, it's the State's

21  position that prior to even getting to a guardianship

22  proceeding that §18-212(2) needs to be followed. In that

23  case, in that section it states that if the court

24  determines that the defendant lacks fitness to proceed, the

25  proceeding against him shall be suspended and the court

1   shall commit him to the custody of the director of the

2   Department of Health and Welfare for a period not exceeding

3   90 days for care and treatment in an appropriate facility

4   of the Department of Health and Welfare. Based on §18-

5   212(2), the State is requesting an order directing,

6   committing the defendant to the custody of the Department

7   of Health and Welfare for a period not exceeding 90 days

8   for care and treatment. In addition, §18-212(2) says the

9   order of commitment shall include the finding by the court

10   whether the defendant lacks capacity to make informed

11   decisions about treatment. Based on Dr. Sommer's report,

12   indicating that it appears that Ms. Pyeatt is incapable of

13   making informed decisions regarding caring for her own

14   interests including the medical in parenthesis, the State

15   would request that there be a finding that this defendant,

16   Ms. Pyeatt, lacks the capacity to make informed decisions

17   about her treatment. This order would then require the

18   county sheriff to transport Ms. Pyeatt to and from the

19   facility. That's the first step.

20      COURT: The facility you're talking about is State

21   Hospital South?

22      FERRIS: The department makes that determination, but,

23   yes, that is the facility that is in this area unless the

24   department determines that there is a different facility at

25   which she can be treated. That's what the State is

1  requesting at this point. At the end of 90 days, then a

2  decision, a report is to be made whether or not the

3  defendant is fit to proceed in the future, if so, depending

4  on what is stated, there may be an additional period at the

5  State Hospital or not. At the end of either the 90 days or

6  the additional 180 days, so we're talking either 90 or 270

7  days, there will be a determination made by the department

8  whether or not Ms. Pyeatt is fit to proceed. If she can,

9  then the State would request the matters be set for trial.

10 If she is not at that point, either the end of the 90 or

11 the end of the 270, depending on whether there's an

12 additional period of time, then the State will pursue

13 guardianship proceedings as indicated in §18-212(4). So,

14 the State is here today to request the order under §18-

15 212(2) for 90 days for care and treatment in a appropriate

16 facility of the Department of Health and Welfare including

17 a finding that the defendant lacks capacity to make

18 informed decisions about her treatment.

19      COURT: Mr. Webber.

20      WEBBER: Well, Your Honor, I've only had a chance to

21 talk briefly with Darlene. She seems very well composed and

22 articulate today. As to the bench warrant, she informed me

23 that she certainly would have been here for the hearing if

24 she would have known about it. She indicated to me that

25 when she did leave the jail, that she was not aware of

1  receiving that notice and the date of that hearing. As to

2  the report on the evaluation that was done, I'm certainly

3  not qualified to contest at this time Dr. Sommer's

4  recommendation. From my standpoint, should….

5      PYEATT: However, if I may interrupt.

6      WEBBER: Please let me speak, Darlene.

7      COURT: Please don't interrupt, please.

8      WEBBER: From my standpoint, I would like, if there is

9  any doubt, I would like Darlene to be in a competent state

10  and aiding me in the defense of this matter. I am aware of

11  the statute. If treatment is attempted, I would certainly

12  hope that it would be successful and that we could proceed

13  to a trial in this matter. I believe that Nancy indicated

14  to me one time that if, in fact, the treatment were not

15  successful there would be an eventual dismissal of the

16  charges and probably a guardianship pursued in this matter.

17  Thank you.

18      COURT: Mr. Webber, your client seemed to indicate that

19  she had something to say. Do you want to consult with her

20  and see if she still has something she would like.

21      WEBBER: She was just rather concerned, Your Honor,

22  that she has informed me, it is separate from my

23  representation of her, but she has filed an appeal and

24  she's afraid that by going to treatment that the treatment

25  would obstruct that.

TRANSCRIPT OF COURT HEARING - 5

1    PYEATT: The change of address, Your Honor, there are
2  strict timelines and the change of address takes so long
3  and then they send me a form which I'm expecting in the
4  mail momentarily and it will be sent back and then it will
5  take another five days to get the change of address and
6  then the 14 days could be up before I get the next notice
7  sent to me and it's my Constitutional Right….

8    COURT: Mr. Webber, you have been appointed to
9  represent Ms. Pyeatt, if that comes to you or comes to her,
10 it ought to come to you shouldn't it? No?

11   WEBBER: Actually….

12   FERRIS: We're talking about a federal case, Your
13 Honor.

14   COURT: Oh, there's a Federal case?

15   PYEATT: Ninth Circuit Court.

16   WEBBER: It was just brought to my attention a few
17 minutes ago. I was not aware of it.

18   COURT: An appeal from what in the Federal Court?

19   PYEATT: For my notice to remove the remand.

20   WEBBER: I'm not really aware of that, Your Honor. I
21 was telling Darlene, that possibly we could contact
22 whatever court is handling that and possibly…..

23   PYEATT: Ninth Circuit Court in California, San
24 Francisco.

25

TRANSCRIPT OF COURT HEARING - 6

1     COURT: Are the Federal Public Defenders involved in
2  this defense?

3     PYEATT: No, not at this point. Right now I'm just
4  filing a Notice of Appeal and I asked for an extension of
5  time to file a second Notice of Appeal and I mailed that
6  about eight or nine days ago, so they should have some,
7  have they contacted you?

8     FERRIS: I just received something in the mail today
9  from the court.

10     COURT: From Federal court?

11     FERRIS: Actually, what did it say? I don't know
12  because it is downstairs in room 115 where all my other
13  files are.

14     PYEATT: That's probably telling you that I filed for
15  an extension of time to file a Notice of Appeal.

16     FERRIS: It could be. It's a civil case that the
17  defendant filed in district court.

18     PYEATT: In circuit court, Ninth Circuit Court in San
19  Francisco.

20     FERRIS: An appeal from a district court to the Ninth
21  Circuit Court on a civil matter.

22     COURT: On a different matter.

23     PYEATT: No, it's the same.

24     FERRIS: It's related to this.

25

1       PYEATT: It's the removal of this case to district

2  court.

3       FERRIS: Federal court.

4       COURT: Well, I have received no instructions from the

5  Federal Court at this point. The …..

6       PYEATT: Could you postpone the commitment for two

7  weeks until I get the papers?

8       COURT: Well, it seems to me that it would be

9  inappropriate while you're incarcerated to postpone a

10  commitment for that long and leave you incarcerated, so, it

11  would make more sense to me to proceed with the commitment

12  and have the - what's your thoughts on this?

13      FERRIS: Ms. Pyeatt can put in a change of address with

14  the postal service or send a letter to the Federal Court.

15      PYEATT: But if the time line…

16      COURT: Mr. Webber, could you assist her by contacting

17  the Federal Court and letting them know that her address

18  has changed?

19      WEBBER: I was going to suggest that. I certainly will

20  do everything I can to contact them.

21      COURT: All right. Well, pursuant to Idaho Code §18-

22  212(2), it is the judgment of the Court that the ….

23      PYEATT: You were going to tell the Judge that I was

24  arrested falsely because I did not know of the court date.

25  I wouldn't have missed the court date, Your Honor. I want

TRANSCRIPT OF COURT HEARING - 8

1   to come to court. I have evidence to present on

2   prosecutorial misconduct. I wouldn't have missed a court

3   date for anything in the world. This is the second false

4   arrest, the second time I have been denied my liberty.

5       COURT: These are things that we cannot prosecute while

6   you are in the state that you're in according to Dr.

7   Sommer. So it is the judgment of the Court that pursuant to

8   Idaho Code §18-212(2) that you lack capacity to make

9   informed decisions concerning your treatment including

10  medical decisions and that you will be transported to a

11  facility designated by the Department of Health and Welfare

12  for up to 90 days for treatment.

13      PYEATT: I have something I need to say before this

14  court ends.

15      COURT: Okay. And for a determination of whether or not

16  this defendant can be made competent to stand trial and if

17  that is not the case then she may be extended for another

18  270 days at the request of the department should they make

19  that request. If she is found to be competent at the end of

20  that time, this matter will be set for trial. If not, then

21  I'll leave it to the State to determine what procedure they

22  wish to take thereafter whether it's dismissal of the

23  charges or establishing a guardianship.

24      PYEATT: I would like to say something?

25      COURT: Yeah, just one second.

1     FERRIS: May I ask a clarifying question. You, pursuant

2  to §18-212(2) you are finding that she lacks fitness to

3  proceed and lacks capacity to make informed decisions. Is

4  that true?

5     COURT: Correct.

6     FERRIS: Thank you.

7     COURT: Ms. Pyeatt, I know you had something you wanted

8  to say.

9     PYEATT: Well, according to 63C Am. Jur. sections

10  1,4,5,23 and 24, I don't have my papers with me because the

11  court has separated me from my papers. I can only do this

12  from memory. It is the prosecuting attorney's duty to see

13  that no unfair advantage has been taken of the defendant

14  such as missing two court dates without knowing there was a

15  court date and it is the prosecuting attorney's duty to see

16  that the defendant is not deprived of any of her

17  Constitutional Rights. That's also 63C Am. Jur. D Am. Jur

18  2-D Section 1, 4, 5, 23 or 24. Under America Jurisprudence

19  63C the accumulative supplement in 2006, the prosecutor

20  does not have absolute immunity to make false statements

21  for an arrest warrant that's saying that she missed a court

22  date and I didn't even know there was a court date. It's

23  the duty of the court to remove a prosecuting attorney if

24  she continues to make those kinds of errors that are

25  prejudicial treatment toward the defendant.

1    COURT: Well, let me first say Ms. Pyeatt, this case

2   has been one that has been confusing to this Court because

3   there have been times when the presentation to this Court

4   has been exceedingly rationale and times when it has not.

5   That's why I asked for Dr. Sommer to take the….

6    PYEATT: Did Dr. Sommer say I agreed to it?

7    COURT: Don't interrupt me please.

8    PYEATT: Sorry, sir.

9    COURT: That's why I asked Dr. Sommer to take the

10   action that he took and the prosecutors have made

11   allegations that you were properly served, that you failed

12   to appear and that is the basis upon which the warrants

13   were issued. Now, to the best of the Court's knowledge, the

14   information concerning all hearings has been sent to the

15   address that was provided by you to the Court.

16    PYEATT: May we know what that is.

17    COURT: I can give you the address that, it was mailed

18   to your attorney and sent to the defendant at the Bannock

19   County Jail general delivery address.

20    PYEATT: What date was that, Your Honor?

21    COURT: Is that correct? Is that what I'm reading?

22    CLERK: Yes, I sent it to the jail and I mailed another

23   copy to General Delivery and it hasn't come back.

24    PYEATT: I told the court clerk upstairs, my address is

25   723 West Lewis. That's what I'm saying unfair advantage.

1   The prosecutor had to know that I would be arrested a

2   second time for a missed court date. She's taking unfair

3   advantage of me.

4       COURT: Well, that is yet to be determined.

5       PYEATT: Strictly forbidden. She does not have absolute

6   immunity for playing unfairly like that, for making false

7   statements on an arrest warrant. She knew my address was

8   723 West Lewis.

9       COURT: Well, as I indicated, notice has been sent to

10  your attorney. Your attorney would have provided that.

11      PYEATT: My attorney provided me with nothing. This is

12  a false arrest.

13      COURT: And we also show notices going to 723 West

14  Lewis #204.

15      PYEATT: What date?

16      COURT: However, this was in October of 2009. The

17  reason they were not sent to that address was because you

18  were incarcerated.

19      PYEATT: In 2009 I wasn't incarcerated. It's this last

20  warrant that is at issue and I was not informed....

21      COURT: Ma'am, let me just say that there is a note

22  here that you instructed us to send your mail to General

23  Delivery.

24      PYEATT: And I also told the Court when I left, I went

25  to the clerk's desk and I told them that I now receive it

1   at my home address and they said, "Fine, we'll record it."

2   So somebody is playing dirty under the table rules and I

3   think we know who that is.

4       COURT: Well, there's no indication at this point…

5       PYEATT: I want to submit evidence of prosecutorial

6   misconduct. Isn't it suspicious to the Court?

7       COURT: Not in this action. Not at this time. Not in

8   this action.

9       PYEATT: My attorney wouldn't submit it in April. How

10  can I submit it? You give me a court date and I'll come and

11  submit it, if I know there's a court date? Isn't it

12  suspicious that I didn't know there was a court date?

13      COURT: If you file proper proceedings, the Court will

14  take matters in due course, but you have to….

15      PYEATT: It's not up to me to give you notice, I will

16  appear at Court.

17      COURT: It's not up to me to give you notice of what

18  you need to file. You need to know what to file.

19      PYEATT: I need to have notice when there's a court

20  date.

21      COURT: And that was provided according to your

22  instructions.

23      PYEATT: Not so.

24      COURT: All right. We'll be in recess.

25      END.

TRANSCRIPT OF COURT HEARING - 13

1                          REPORTERS CERTIFICATE

2

3    STATE OF IDAHO,              )
                                  ) SS:
4    COUNTY OF BANNOCK,           )
                                  )

5

6          I, SHERRILL L. GRIMMETT, Do hereby certify:

7          That I am a Deputy Clerk of the Sixth Judicial

8    District Court of Bannock County, State of Idaho: That I am

9    the person designated to transcribe the Court Hearing as

10   recorded on the mechanical recording device at the

11   foregoing Hearing; That the above proceedings and evidence

12   is a full, true and correct transcript of the Hearing as

13   taken down by the mechanical recording device at said

14   Hearing, as reported by me to the best of my ability.

15         DATED this _20th_ day of _August_, 2010.

16

17

18                          ___/s/_____
                            SHERRILL L. GRIMMETT
19                          DEPUTY CLERK

20

21                               Reporter's Certificate

22

23

24

25

TRANSCRIPT OF COURT HEARING - 14